UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ENEDEO RODRIGUEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL CHRISTOFENO, STEVEN E. CLARK, ELKHART COUNTY PROSECUTING OFFICE, and PETER C. SOLDATO, <br><br> Defendants. | CAUSE NO. 3:24-CV-822-JTM-JEM |

OPINION and ORDER

Enedeo Rodriguez, Jr., a prisoner without a lawyer, filed a complaint suing a State court judge, a prosecutor, the prosecutor's office, and his criminal defense lawyer. (DE # 2.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Rodriguez alleges Judge Michael A. Christofeno deceived him and favored the prosecution when he ruled that an affidavit used in his State criminal trial was true and accurate. He alleges the judge denied a request to consolidate trials, denied his right to a

speedy trial, held an evidentiary hearing, and admitted both a false document and perjured testimony. "A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). These alleged judicial actions were all within the jurisdiction of Judge Christofeno and he has judicial immunity.

Rodriguez alleges the Elkhart County Prosecuting Attorney's Office and Deputy Prosecuting Attorney Steven E. Clark misrepresented facts, concealed evidence, presented the court a fabricated affidavit, filed a motion to consolidate trials, and falsely told the court it had evidence from the ATF to delay his trial. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). "Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quotation marks and citation omitted)). These actions by Deputy Clark and the Elkhart County Prosecutor's Office were taken as part of initiating and presenting the State's case and are covered by prosecutorial immunity.

Rodriguez alleges Peter C. Soldato, his criminal defense attorney, received falsified material from the prosecutor and delayed his trial. To state a federal claim under 42 U.S.C. "§ 1983 a plaintiff must allege . . . that the defendants acted under color

of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). A criminal defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). Because Attorney Soldato did not act under color of State law, these allegations do not state a claim.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A because it fails to state a claim and because it is frivolous to sue defendants who are immune from suit.

                                   **SO ORDERED.**

Date: January 27, 2025

                              s/James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT